**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Abby Grason | ) | Case No: 15 C 9290 |
| v. | ) | |
| | ) | Judge: Edmond E. Chang |
| | ) | Magistrate Judge: Sidney I. Schenkier |
| Hardy et al | ) | |

# ORDER

Telephone conference held with counsel for all parties regarding settlement. Settlement conference is set for **8/27/18** at **1:30 p.m. The settlement conference will be held in the Courtroom, Room #1843.** The settlement conference will be conducted in accordance with the Court's Standing Order on Instructions for Settlement Conference, which is enclosed and which can also be accessed from the Court's webpage at **http://www.ilnd.uscourts.gov/judge-info.aspx?EBclBxz8ceU=**. The schedule for exchange of settlement letters required by the Standing Order is as follows: plaintiff's counsel shall serve a settlement letter on defense counsel by **7/13/18**, and defendants' counsel shall serve a settlement letter on plaintiff's counsel by **8/03/18.** The parties may not change these dates for exchange without either written agreement of the parties or Court order. The plaintiff's counsel shall deliver all copies of the settlement letters to chambers by **noon on 8/06/18.** The parties may not change this date absent Court order. Parties with "full and complete settlement authority," as defined in the Standing Order, must personally attend the conference. The parties who attend the conference shall read all settlement letters prior to the commencement of the conference. Failure to comply with the Standing Order or with the schedule set in this order may result in sanctions. (For further details see order(s) attached).

(T: 00:10)

Date: June 21, 2018

/s/ Sidney I. Schenkier

SIDNEY I. SCHENKIER
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE SIDNEY I. SCHENKIER**
219 South Dearborn Street
Chicago, IL 60604

Courtroom 1843 | Telephone: (312) 435-5609
Chambers 1846 | Fax Number: (312) 554-8677

## INSTRUCTIONS FOR SETTLEMENT CONFERENCE

The Court believes that the parties should fully explore and consider settlement, and should do so at the earliest reasonable opportunity in the case. For those cases that can be resolved through settlement, early consideration of settlement can allow the parties to avoid unnecessary litigation. This will allow the parties to also avoid the substantial cost, expenditure of time, and distractions that are typically a part of the litigation process. Even for those cases that cannot be resolved through settlement, early consideration of settlement can allow the parties to better understand the factual and legal nature of their dispute. This often can result in focusing and streamlining the issues to be litigated – which, again, can save the parties considerable time and money.

Consideration of settlement is a serious matter; it therefore deserves and requires serious and thorough preparation prior to the settlement conference. Set forth below are the procedures that the Court will require the parties to follow in preparing for the settlement conference, and the procedures that the Court typically will employ in conducting the conference. Counsel are directed to provide a copy of this Standing Order to their clients, and to discuss these procedures with them.

- PRE-SETTLEMENT CONFERENCE EXCHANGE OF PROPOSALS. The Court has found that settlement conferences are more likely to be productive if, before the conference, the parties have had a written exchange of their settlement positions. Accordingly, pursuant to a schedule set by the Court, the parties will be required to serve on each other settlement letters. Plaintiff's letter shall set forth at least the following information: (a) a brief summary of the evidence and legal principles that plaintiff asserts will allow it to establish liability, (b) a brief explanation of why damages or other relief would appropriately be granted at trial, (c) an itemization of the damages plaintiff believes can be proven at trial and a brief summary of the evidence and legal principles supporting those damages, and (d) a settlement proposal. Defendant's responding letter shall set forth at least the following information: (a) any points in plaintiff's letter with which defendant agrees, (b) any points in plaintiff's letter with which defendant disagrees, with references to supporting evidence and legal principles, and (c) a settlement offer. The Court expects that each of these letters typically should be five pages or fewer.

- Once the parties have exchanged the letters, copies of the letters shall be delivered to chambers. DO NOT FILE COPIES OF THESE LETTERS IN THE CLERK'S OFFICE.

  The Order scheduling the settlement conference will set forth the dates for the exchange of letters and their delivery to chambers. The schedule is designed to ensure that the Court and the parties have enough time to prepare for the conference. Failure to comply with the schedule set by the Court may result in sanctions.

- ATTENDANCE OF THE PARTIES REQUIRED. Unless the Court allows otherwise by separate order, parties with full and complete settlement authority are required to personally attend the conference. This means that if a party is an individual, that individual must personally attend; if a party is a corporation or governmental entity, a representative of that corporation or governmental entity (other than counsel of record) with full and complete settlement authority must personally attend. "Full and complete settlement authority" means the authority to negotiate and agree to a binding settlement agreement at any level up to the settlement proposal of the plaintiff. If a party requires approval by an insurer to settle, then a representative of the insurer with full and complete settlement authority must attend.

  The Court sets aside a significant block of time for each settlement conference. The Court strongly believes that the personal presence of the parties, and their direct participation in the discussions and "give and take" that occur, will materially increase the chances of settlement. Thus, absent a showing of unusual or extenuating circumstances, the Court will not permit a client to merely be available by telephone as an alternative to personal presence at the conference. The Court requires that parties attending the conference read the settlement letters exchanged between the parties before coming to the conference.

- CONFERENCE FORMAT. The Court generally will follow a mediation format: that is, each side will have an opportunity to make a presentation to the other side, which will be followed by joint discussion with the Court and private meetings by the Court with each side. The Court expects both the lawyers and the party representatives to be fully prepared to participate in the discussions and meetings. In these discussions, the Court expects all parties to be willing to reassess their previous positions, and to be willing to explore creative means for resolving the dispute.

- STATEMENTS INADMISSIBLE. Any statements made by any party during the settlement conference will not be admissible at trial. The Court expects the parties to address each other with courtesy and respect, but at the same time strongly encourages the parties to speak frankly and openly about their views of the case.

ANY PARTY WHO WISHES TO VARY FROM THE PROCEDURES SET FORTH IN THIS STANDING ORDER MUST MAKE AN APPROPRIATE REQUEST TO THE COURT PRIOR TO THE EXCHANGE OF SETTLEMENT LETTERS DESCRIBED ABOVE.

ENTER:

Sidney I. Schenkier

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: January 5, 2015